# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| AUGUSTIN MUNOZ PEREZ, | CASE NO. 14cv2982-WQH-WVG |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | |
| METROPOLITAN TRANSIT SYSTEM, | |
| Defendant. | |

HAYES, Judge:

The matters before the Court are Plaintiff's Motion to Proceed in Forma Pauperis ("Motion to Proceed IFP") (ECF No. 2), and Plaintiff's Motion to Appoint Counsel (ECF No. 3).

## I. Background

On December 19, 2014, Plaintiff initiated this action by filing the Complaint (ECF No. 1), along with the Motion to Proceed IFP (ECF No. 2), and the Motion to Appoint Counsel (ECF No. 3).

## II. Motion to Proceed IFP

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); S.D. Cal. Civ. L.R. 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177

(9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In his affidavit, Plaintiff states that he is not currently employed and has not been employed since February of 2007. (ECF No. 2 at 2). Plaintiff indicates that he receives $870.00 each month from Social Security. *Id*. Plaintiff states that he has a checking account with a present balance of $20. *Id*. Plaintiff states that he does not own an automobile or real estate, that he has no dependents, that he has no other debts, and that he has no other assets or items of value. *Id*. at 2-3.

The Court has reviewed the affidavit and finds that it is sufficient to show that Defendant is unable to pay the fees or post securities required to maintain this action. The Court grants the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**III.     Initial Screening of Complaint**

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

**A.     Failure to State a Claim upon which Relief may be Granted**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pac. Police Depot*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief" requires more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "Courts have a duty to construe  pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir.2003).  However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The complaint must include "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir.1991).  "Something labeled a complaint ... yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).  "When a plaintiff asserts multiple claims against multiple defendants, this fair notice standard requires that the allegations in the complaint must show which defendants are liable to the plaintiff for which wrongs." *In re Tevis*, No. ADV. 08-2004, 2011 WL 7145712, at *8 (B.A.P. 9th Cir. Dec. 9, 2011).

In this case, the only named Defendant is Metropolitan Transit Systems and the facts alleged neither identify Metropolitan Transit System as a defendant, nor state a claim against Metropolitan Transit System.  Plaintiff's Complaint alleges that "now I would like to sue Carrie L. Mitchell and Aranda Trapp for denying me the complaint

file and the district worker for not excepting [sic] the complaint file." (ECF No. 1 at 3).

Furthermore, the Civil Cover Sheet attached to Plaintiff's Complaint indicates that the nature of the suit is "[o]ther civil rights." (ECF No. 1-1 at 1). Plaintiff's Complaint does not indicate the civil rights allegedly violated or that Defendant Metropolitan Transit Systems violated those rights. The Court concludes that Plaintiff has failed to allege sufficient facts to show he is entitled to relief or to put Defendants on notice of the claims against them.

## III. Conclusion

IT IS HEREBY ORDERED that the Motion to Proceed IFP (ECF No. 2) is GRANTED. IT IS FURTHER ORDERED that the Complaint is dismissed without prejudice. IT IS FURTHER ORDERED that the Motion to Appoint Counsel (ECF No. 3) is DENIED as moot. No later than THIRTY (30) DAYS from the date of this Order, Plaintiff may file an amended complaint, which shall be entitled, "First Amended Complaint," and which shall comply with the Federal Rules of Civil Procedure and adequately allege a basis for which he is entitled to relief and facts sufficient to put Defendants on notice of the claims against them. If Plaintiff does not file a first amended complaint within thirty days, the Court will order this case to be closed.

DATED: January 7, 2015

**WILLIAM Q. HAYES**
United States District Judge